Pasquale Barba
vs. }Eq. No. 5110.
Francesco Cassano et al.

May 9, 1932.

SUMNER, J. The original suit was brought for the purpose of making partition of partnership assets. Among the assets was a cause of action against one Ira B. Stillson, and the Receivers of the partnership, James E. Dooley and Daniel A. Colton, brought suit against Stillson to recover a balance due upon a contract to sell real estate where there had been a rescission by the parties.

Edward M. Sullivan, Esq., was the attorney for the Receivers in this suit and pursued the matter to a successful conclusion and recovered a net judgment for $1,986. The Messrs. Dooley and Colton have filed separate reports as receivers and the matter before the Court at this time is upon the allowance of the report of Mr. Colton. In that report he noted that Mr. Sullivan had collected this judgment, had paid him, Mr. Colton, $500, retaining for himself a sum which the Court has figured out to be in the vicinity of $1,500. Mr. McOsker, representing one of the co-partners, argued that this charge of Mr. Sullivan was too large and should be reduced to $1,200.

There were two trials of this action, taking up a total time of seven days, there were motions for new trials and an appeal to the Supreme Court in which Mr. Sullivan's contention was sustained. There was undoubtedly considerable work involved in this litigation and the attorney should receive an appropriate fee. As far as appears he did not present any bill to the Receivers, retaining what he thought was a fair charge for his services and turning the balance over.

The Receiver Colton was derelict in his duties in not requiring an itemized bill and in holding this money over six years without filing any report or attempting to secure approval by the Court of Mr. Sullivan's fee. Mr. Colton did not take the witness stand but made some statements to the Court. He and Mr. Sullivan occupied the same suite of offices, and his appointment as co-receiver was suggested by Mr. Sullivan as attorney for one of the partners. For some reason the Receivers did not see fit to present a joint report. Mr. Sullivan testified that his bill was based upon the time he was employed and that he made it a lump sum. He apparently ignored the principle that attorneys' fees are not only based upon the skill and reputation of the attorney and the time employed, but also upon the amount recovered.

The amount collected by Mr. Sullivan in satisfaction of the judgment, including costs, was $2,109, but the net amount of the judgment was $1,986. The fee retained by Mr. Sullivan would be the amount of the judgment $1,986 less $500, the amount paid over to Mr. Colton. There should be added to that the $100 which Mr. Dooley, co-receiver, advanced to Mr. Sullivan for Court costs and which Mr. Sullivan does not positively dispute. That would make his total fee $1,586. From this amount there should be deducted the expert fees paid to Messrs. Matteson & Hurley. Mr. Sullivan says his memoran-

dum on the subject was destroyed in a fire but estimates the amount as somewhere between $50 and $100. This would bring the amount of Mr. Sullivan's fee to about $1,500.

The Court thinks this is too large and accepts the suggestion of Mr. McOsker and reduces the fee to $1,200. Mr. Colton should pay the balance, which the Court figured to be $810 into the registry of the Court together with interest thereon at 4% from the time he received the money. He is not entitled to any fee.

For receiver: E. M. Sullivan.

For complainant: Joseph H. Hammill.

For respondent: Fergus J. McOsker.